IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY SOLOMON, | § | |
| Movant, | § | |
| | § | No. 3:22-cv-00944-K |
| v. | § | No. 3:14-cr-00340-K-5 |
| | § | |
| UNITED STATES of AMERICA, | § | |
| Respondent. | § | |
| | § | |

MEMORANDUM OPINION AND ORDER

Movant Larry Solomon ("Solomon"), through counsel, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 1). As detailed herein, Solomon's motion to vacate sentence is DENIED with prejudice as barred by the statute of limitations.

I. BACKGROUND

Solomon pleaded guilty to two counts of the third superseding indictment: (1) conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Hobbs Act robbery) (Count One); and (2) using, carrying, and brandishing a firearm during and in relation to and possessing and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two). *See* Crim. Doc. 445. By judgment dated February 7, 2018, Solomon was sentenced to a total term of 130 months' imprisonment. *Id.* He received 46 months' imprisonment on Count One and

84 months' imprisonment on Count Two, with the two terms to run consecutively. *Id.* Solomon was ordered to pay restitution in the amount of $370,718.72. *Id.* He did not appeal the judgment.

Solomon's § 2255 motion was filed by counsel on April 28, 2022. *See* Doc. 1. In the § 2255 motion, Solomon argues that, considering *United States v. Davis*, 139 S. Ct. 2319 (2019), his conviction and sentence under Count Two cannot stand. In *Davis*, the Supreme Court held that the "residual clause" found in § 924(c)(3)(B) is unconstitutionally void for vagueness. Solomon further argues that he is entitled to relief on the merits, and the Court should vacate his sentence on Count One, vacate his conviction and sentence on Count Two, and resentence him on both counts. The government argues: Solomon's § 2255 motion should be dismissed as time-barred; he waived his right to bring his *Davis* claim; and his *Davis* claim is procedurally barred.

## II. STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under Section 2255(f)(1), Solomon's conviction became final on February 21, 2018, when the fourteen-day period for appealing his criminal judgment expired. *See* Fed. R. App. P. 4(b)(1)(A)(i) (providing 14 days to appeal a criminal judgment); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). He does not allege that government action prevented him from filing a § 2255 motion earlier. *See* 28 U.S.C. §§ 2255(f)(2).

Solomon's § 2255 motion is also untimely under § 2255(f)(3), which provides that the one-year period commences on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court issued its decision in *Davis* on June 24, 2019. And the Fifth Circuit Court of Appeals has held that *Davis* applies retroactively to cases on collateral review. *See United States v. Reece*, 938 F.3d 630, 634-35 (5th Cir. 2019). Solomon's § 2255 motion was due one year

after the issuance of *Davis*, on July 24, 2019.  However, he did not file his §

2255 motion until April 28, 2022.  Solomon has provided no explanation for

filing his motion over two years late.  Therefore, his motion is untimely in the

absence of equitable tolling or a showing of actual innocence.

## A. Equitable Tolling

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare

and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930

(5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

"The doctrine of equitable tolling preserves a [party's] claims when strict

application of the statute of limitations would be inequitable." *Davis*, 158 F.3d

at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995))

(internal quotation marks omitted). It "applies principally where [one party] is

actively misled by the [other party] about the cause of action or is prevented in

some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d

398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d

124, 128 (5th Cir. 1996)), *abrogated on other grounds by Causey v. Cain*, 450 F.3d

601, 605 (5th Cir. 2006). A habeas petitioner is entitled to equitable tolling only

if he shows that: (1) "he has been pursuing his rights diligently," and (2) some

extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S.

631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

"[E]quity is not intended for those who sleep on their rights." *Covey v. Ark. River*

*Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Further, the movant bears the burden to show entitlement to equitable tolling. *See, e.g., Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Solomon does not allege any basis for equitably tolling the limitations period. Because he has not met his burden to establish circumstances warranting equitable tolling, his § 2255 motion is untimely.

## B. Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court determined that the one-year statute of limitations for § 2255 motions can be overcome by a showing of actual innocence. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). It must persuade a district court that it is more likely than not that no reasonable fact-finder would have found the movant guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *Id.* (citing *McQuiggin*, 569 U.S. at 386). "This exception's demanding standard requires 'evidence of innocence so strong that a

5

court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' ... The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)). There is a split among district courts about whether *McQuiggin* applies to a guilty plea case, as here. *See Thomas v. Stephens*, 4:13-CV-875-A, 2014 WL 929031, at *3 (N.D. Tex. Mar. 7, 2014) (citing cases).

Even if *McQuiggin* applies, however, Solomon does not allege that he is actually innocent. He has therefore failed to overcome the statute of limitations, and his § 2255 motion is time-barred.  Finally, as discussed, Solomon's § 2255 motion is time-barred.  Therefore, the Court need not address the government's arguments that Solomon waived his right to bring his *Davis* claim, and his *Davis* claim is procedurally barred.

### III. CERTIFICATE OF APPEALABILITY

Finally, the Court will address whether the issuance of a certificate of appealability (COA) is appropriate here. Under Rule 11 of the Rules Governing Section 2255 Proceedings, the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA will be issued only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 330 (2003); *accord Foster v. Quarterman*, 466 F.3d 359, 364 (5th Cir. 2006).

The applicant makes a substantial showing if he demonstrates that jurists of reason could debate the propriety of the district court's assessment of his constitutional claims or conclude that his claims are 'adequate to deserve encouragement to proceed further.'" *United States v. Wainwright*, 237 F. Appx. 913, 914 (5th Cir. 2007) (per curiam) (quoting *Miller-El*, 537 U.S. 322 at 327); *see Foster*, 466 F.3d at 364. Considering the specific facts of this case and the relevant law, the Court fails to find that "jurists of reason could debate the propriety" of the actions taken in this order or otherwise conclude "that [the] claims are adequate to deserve encouragement to proceed further." Therefore, the Court denies Solomon a COA.

## IV.  CONCLUSION

For the foregoing reasons, Solomon's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 1) is DENIED with prejudice as barred by the statute of limitations.  And the Court DENIES a certificate of appealability.

SO ORDERED.

Signed June 29th, 2022.

_Ed Kinkeade_____

ED KINKEADE
UNITED STATES DISTRICT JUDGE

7